UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANTRIEL MARIE HILL | CIVIL ACTION |
| VERSUS | NO. 24-1514 |
| MARK CAMERON ABSHINER AND USAA INSURANCE COMPANY | SECTION "R" (4) |

## ORDER AND REASONS

Plaintiff Dantriel Hill moved to dismiss Defendant United Services Automobile Association ("USAA");[1] for reconsideration and to vacate the Court's dismissal order;[2] and for reconsideration, the overturn of dismissal, and the grant of a default judgment.[3] Defendants Mark Cameron Abshier and USAA oppose the motion for reconsideration and default judgment.[4] The Court denies plaintiff's motions.

## I.  BACKGROUND

Plaintiff Dantriel Marie Hill sued Mark Cameron Abshier and his insurer USAA in the Eastern District of Louisiana to recover for injuries she allegedly suffered in a car accident with Abshier.[5] On January 13, 2025, the Court dismissed the matter without prejudice for lack of subject-matter

---

[1]   R. Doc. 13.
[2]   R. Doc. 14.
[3]   R. Doc. 15.
[4]   R. Doc. 17.
[5]   R. Doc. 1.

jurisdiction under 28 U.S.C. § 1332(a), because there was not complete diversity among the parties.[6]

On February 10, 2025, plaintiff filed three motions. The first sought to dismiss co-defendant USAA without prejudice in order to establish complete diversity.[7] The second asked the Court to reconsider and vacate its dismissal order under Federal Rules of Civil Procedure 59(e) and 60(b).[8] The third motion sought the same relief as the second motion, but also asked for a default judgment against defendants under Federal Rule of Civil Procedure 55.[9]

The Court considers the motions below.

## II.  LAW AND DISCUSSION

"Rules 59(e) and 60(b) permit the same relief—a change in the judgment." *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986). Despite the similarities, one difference between the two is Rule 59(e) has a prescribed time limit: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Under which Rule the motion falls turns

---

[6]  R. Doc. 12.
[7]  R. Doc. 13.
[8]  R. Doc. 14.
[9]  R. Doc. 15.

on the time at which the motion is [filed]." *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (alteration in original) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)). The motion falls under Rule 59(e) if it is filed no later than 28 days of the rendition of judgment. It falls under Rule 60(b) if it is filed after that time. *See id.*; *see also* Fed. R. Civ. P. 59(e). Plaintiff filed his motions 28 days from the Court's order.[10] Rule 59(e) therefore applies.

A district court has considerable discretion to grant or deny a motion under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The Court must "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also*

---

[10]  The Court's order was issued on January 13, 2025, and plaintiff filed his three motions on February 10, 2025. Exactly 28 days falls within the bounds of Rule 59(e). *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 09-5847, 2012 WL 27673, at *2 (E.D. La. Jan. 5, 2012) ("Here, the motion was filed . . . precisely twenty-eight days after entry of the Court's rulings on November 2, 2011. Thus, it qualifies as a motion to alter or amend under Rule 59(e).")

*Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79.

Plaintiff does not demonstrate any of the requirements for Rule 59(e) relief. There has been no change in the controlling law, plaintiff submits no newly discovered evidence, and the Court has committed no manifest error of law or fact. Although plaintiff's motion for voluntary dismissal of co-defendant USAA may have cured the jurisdictional defect before the Court dismissed the case, the motion is moot once the case was dismissed. *See Blue Castle (Cayman) Ltd. v. Jones*, No. 2:24-CV-953, 2025 WL 51215, at *1–2 (E.D.N.Y. Jan. 8, 2025) (denying plaintiff's motion for reconsideration

under Rules 60(b) and 59(e) and to drop the nondiverse defendant after the court dismissed the case for lack of subject matter jurisdiction). Further, the Court already dismissed the claims against USAA without prejudice. Plaintiff does not offer any reasons why the Court should alter its prior order.

### III.   CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's motion to dismiss co-defendant USAA[11] as MOOT.  The Court DENIES each of plaintiff's other two motions.[12]

New Orleans, Louisiana, this __10th__ day of March, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11]   R. Doc. 13.
[12]   R. Docs. 14 & 15.